May it please the Court, my name is Jonathan Salovey, representing the Petitioner Appellant Terry Ezell. I'd like to reserve two minutes for rebuttal. This appeal is about giving effect to the United States Supreme Court's decision in Johnson v. United States. It is not often that the United States Supreme Court reverses its own precedent, but that is exactly what the Supreme Court did in Johnson v. United States. The Supreme Court reversed two decisions, its former decisions in Sykes as well as its former decision in James. Interestingly, the United States Supreme Court decided James only 14 and a half months before Mr. Ezell's sentencing. Also, in James, the Supreme Court did not apply a similar offense, attempted burglary offense, and found that the residual clause did apply. What's your best argument with regard to the burglary accounts that the district court relied on the residual clause? In terms of the burglary accounts, I think what's really important to understand is that the district court only went into the Ninth Circuit's decision in Kilgore on the issue of the street addresses in its modified categorical analysis in only two of the four precedents, only as to the 1987 burglary offenses. Did the district court make any mention of that? And as to the first alleged... But the problem is that the district court here discussed Taylor. It applied the modified categorical analysis. It talked about Taylor. It talked about Kilgore, both of which were enumerated clause cases. So isn't that a strong indication that, as to the burglary accounts at least, the district court relied on the enumerated clause and not the residual clause? I'd like to answer in several parts, Your Honor. First of all, the district court made those comments only with reference to two of the four alleged predicates. So that would still leave two. In denying 2255 relief, the district court said that he did not address the first predicate involving both assault and burglary. And as to the other one, the district court simply said, without comment, it's not related to common street addresses. It's also important to understand that the modified categorical approach could also apply to residual clause analysis. And Ninth Circuit case law had already established that by the time of Mr. Izzell's sentencing. Further, the district court never made an express statement saying, I hereby rely on the enumerated clause or the fourth clause. And what's also important is that the district court really actually did rely on the residual clause. Because in the same breath in which he made a determination that the ACCA and career offender enhancements applied, the district court expressly stated, counsel for the reasons basically set out in the probation officer's pre-sentence report and the government's memorandum, the court is satisfied that this total career offender, the total offense level is 34. So the district court made, referred to the government's pre-sentence report and the government's, excuse me, probation's pre-sentence report and the government's sentencing memorandum in the same breath. Both the PSR and the government's sentencing memorandum proceeded on both the enumerated  Correct, Your Honor. Did the government's argument, anything said during the proceeding, focus on the residual clause? The government did extensively rely on the residual clause. The government, at least seven times in its memorandum, referred What about that argument? An argument that the government also repeated At the sentencing proceeding And the government also cited James in asserting that the residual clause applied and also cited the Ninth Circuit's decision in Matthews, which also addressed the burglaries as well. So the government repeatedly relied on the residual clause. I think it's important to consider that we have a situation where the government repeatedly asserted that the residual clause applied at sentencing. And now at this stage, it would be improper to simply ignore what the government argued and ignore the fact that the district court expressly relied on the government's arguments as well as what probation stated. So we have issues of waiver sometimes or one position The court made general reference to the government's sentencing memorandum, to the pre-sentencing report, the probation department recommendation. But I didn't see in any of those references anything that pointed more specifically to which of the alternative arguments being offered up was the basis for the court's decision. When it came more recently, it made a statement that doesn't point but did say it would have been enough to rely upon the enumerated clause, the reference to burglary. The court did not say specifically what it had done, but why is it we shouldn't draw the inference that the court, having said, would have been enough for me to find these as burglary under the enumerated clause and the court could have done that, why shouldn't we take that as a statement by him, in effect, and that's what I did? I think it's a matter of following what the precedent of Gyozo's provides. Because the focus of Gyozo's is, could the district court have relied on the residual clause? It did not require speculation in terms of whether or not the district court relied on the enumerated clause. The focus of Gyozo's made a very straightforward holding. Gyozo's stated, we therefore hold that when it is unclear whether a sentencing court relied on the residual clause in finding that a defendant qualified as an armed criminal, but it may have, the defendant's 2255 claim relies on the constitutional rule announced in Johnson 2. The focus of this holding focuses on, could the district court have relied on the residual clause? The focus on Gyozo's focus was not on whether or not the district court could have relied on the other clauses. As a matter of fact, the survey of case law in Gyozo's indicated that there were cases that both relied on both clauses, the enumerated clause as well as the forced clause and residual clause, excuse me. So the, what, it's important to understand that this is a threshold determination that relies on determination. The Ninth Circuit in Gyozo's explicitly said in its decision, this determination is a threshold determination. It's not a merits determination. And the statute states on which we rely on 2255H really states that a claim has to contain the assertion that it relies on Johnson or a rule made retroactive to cases on collateral review. So that's exactly what the Supreme Court did. It's not often that the Supreme Court will reverse its own precedent and make a case retroactive on collateral review and to try to narrowly construe it or take a maybe strained or maybe an inference could be made. I think ultimately that would undercut the Supreme Court precedent and I'll reserve my rest of the time for rebuttal. All right. I'll put two minutes on the clock when you come back for rebuttal. Good morning, Your Honors. May it please the court. Michael Morgan for the United States. The government believes that Mr. Ezel's Johnson claim is procedurally defaulted, but I don't want to waste a lot of the court's time on that because the case can be resolved on the merits very straightforwardly. The district court conducted an on-the-record modified categorical analysis, stated no less than three times that the burglary offenses qualified as generic burglaries, therefore making it crystal clear the court was relying on the enumerated offense clause in evaluating those convictions. There's no ambiguity. So there's no need for a- But the district court said for the reasons stated in the government's memorandum and the PSR, both of which offered alternative theories under which these convictions would count, both the enumerated clause and the residual clause. Now, I'd ask counsel whether the government had argued during the sentencing hearing reliance on the residual clause, and I thought the government's focus was not on the residual clause. Am I misrecalling that? No, you are not misrecalling it. You are absolutely correct. While there were alternative arguments pressed in the memoranda, at sentencing, the assault convictions were evaluated exclusively under the elements clause. The two burglary convictions, the 1989 burglary convictions, were evaluated for ACCA purposes exclusively under the enumerated offense clause. The government's references to James and Matthews were with respect to the church burglary for purposes of the career offender adjudication, which for that purpose, that was the only way the church burglary could count, because it's not a dwelling. So the government was quite clear that for ACCA purposes it was relying on the enumerated could only qualify under the residual clause. Now, that analysis is not material to the ACCA determination that's before the Court now. So I think reading the record in its totality, when the Court says basically, and frankly, defense counsel is trying to make basically do a lot of work to create ambiguity in what was an otherwise crystal clear finding by the district court about the status of the ACCA burglaries. What the Court is basically saying is that they count. And remember, we're also talking about the assault convictions too. So I'm not sure how that one phrase can create ambiguity into what was an express ruling relying on the enumerated offense clause with respect to the burglaries. Now, with respect to the assaults, the analysis is slightly different. The district court did not explain why either of the assault convictions counted. The issue was undisputed because at the time nobody seriously doubted that these assault convictions were crimes of violence or violent felonies. But under the gazos, I'm not sure the proper pronunciation. I was there and I don't remember. I can't help you. The Court has decided that if you've got an ambiguous record, which is what we have here with respect to the assaults, the government can't dispute that. If there's controlling precedent that accounts under the force clause or the enumerated offense clause, the Court will presume the district court relied on that clause even if it didn't say it did. And so with at least respect to the assault resulting in serious bodily harm, that presumption should apply. And that's three predicates. And that's sufficient for the ACCA adjudication on the merits. Your argument is take the two burglaries and take the conviction for assault that resulting in substantial bodily harm. We can disregard the other one. He would still have the sufficient predicate offenses. Correct. And I would also, I mean, I would, there's, the government has an argument that the fourth conviction can count as well because at sentencing the government abandoned, effectively abandoned its argument relying on the residual clause. But you don't need to go that far because there was under a strict Giesis analysis, you have two convictions where there's no ambiguity in the record. You have one that may be ambiguous, but there's controlling precedent. So holding it under the enumerated offense clause or the force clause rather. So those three together is sufficient for the ACCA determination. So the other clause just, it's just superfluous for these purposes. And the last one we don't need to resolve, but if we were, that would be problematic because, because the law at, at that time. At that time there was, yes, with respect to assault with a deadly weapon, at that time there was precedent, not controlling precedent, but construing similar statutes under both clauses. Like I say, the government effectively abandoned its reliance on the residual clause at sentencing. But I'm not, I can't sit here and say. If we were to follow the framework set out in Giozo. If you're going to follow that framework. We have to look at the case law. I believe that's correct. Yes. Although you can look at the case law, but I think you also can look at the total sentencing record because it's not uncommon for, to advance alternative arguments and then at sentencing realize that one of them isn't going to work or you don't need. And just so you just say, well, we don't court, you don't need to worry about that. Now the record in this case is not clear that we affirmatively abandon it, but we certainly weren't relying on the residual clause with respect to any of the force clauses. So that is a basis to distinguish Giozo with respect to that assault conviction. But again, the court doesn't need to go there because you've got the three. And with those three, he's properly adjudicated an ACA defendant. At least he's properly adjudicated for reasons unrelated to Johnson. And whether there's maybe some other defect with respect to the reliance on the force clause, the defense clause, that's just not correctable in the second 2255. So unless the court has any other questions. Thank you. Thank you. Thank you, Your Honor. There's nothing in the record of the sentencing hearing reflecting that the government abandoned its reliance on the residual clause. It never made an affirmative statement that we are abandoning our reliance on the residual clause.  The residual clause at the time of in a sentencing memorandum and didn't mention the residual clause during sentencing, although I don't believe that's necessarily true. And I have to double check. Then it's simply not a statement that the government abandoned reliance on the residual clause. And also, it's important to understand at the time of the hearing, the residual clause loomed very large. There was at the time the courts did not have a requirement to make determinations specifically state on the record that the residual clause applied or any other clause applied. And unfortunately, because of that, the courts are left in a very difficult position now to determine what the court actually met. But that's what Giozo's attempts to do. And that's what Giozo's resolves, that if it is unclear, if it's not certain, then the determination has to be made that a claim relies on the residual clause. Now, in terms of the other two predicates, other than those two 1987 burglary offenses, the government, the government asserts that it's crystal clear that the district court made determinations as to the three burglaries. But in fact, the district court never really made any statement as to the 1994 second degree assault and first degree burglary offense. That's essentially a blank slate. Secondly, as to the 1991 second degree assault, that's a blank slate. The government just said, the district court just said, that's one, that's two. That's the only finding here. So under Giozo's, that would require that relief be granted to Mr. Terrizo. Thank you so much. Thank you very much, counsel. The matter is submitted for decision.
judges: Fernandez, Clifton, Nguyen